WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sociedad de Produccion Rural de Responsabilidad Limitada Huehuetan,<br><br>Plaintiff,<br><br>v.<br><br>Golden Fruit Company LLC,<br><br>Defendant. | No. CV-16-00224-TUC-EJM<br><br>ORDER |

Pending before the Court is Plaintiff's Motion for Alternative Service pursuant to Fed.R.Civ.P. 4(e) and (h) and Cal. Corp. Code § 1702. (Doc. 7). Plaintiff requests an order authorizing alternative service of the Summons, Complaint, and this Order by: (1) hand delivery to the California Secretary of State, pursuant to Cal. Corp. Code § 1702; (2) first-class U.S. mail, and by certified mail, return receipt requested, to Jose Eduardo Francis Alarcon, Golden Fruit's statutory agent, at 1631 Rossin Ct., Chula Vista, CA 91913–1713; (3) first-class U.S. mail and by certified mail, return receipt requested, to Raul Nava, Golden Fruit's owner, at P.O. Box 531921, San Diego, CA 92153; and (4) first-class U.S. mail and by certified mail, return receipt requested, to Jason E. Turner of the J. Turner Law Group, APC, 823 Anchorage Pl., Chula Vista, CA 91914. *Id.* at 2. Plaintiff states that it will file Affidavits of Service with the Court upon completion of these actions. Plaintiff also requests an award of costs and attorneys' fees incurred in attempting service and in bringing the present motion.

1       To date, no defendant has appeared in this action.

2 **I.    Background**

3       This Perishable Agricultural Commodities Act ("PACA") case was instituted by Plaintiff Sociedad de Producción Rural de Responsabilidad Limitada Huehuetan on April 21, 2016 against Defendant Golden Fruit Company, LLC. (Doc. 1). The Complaint alleges that Defendant failed to pay Plaintiff the agreed-upon purchase price for an order of Karla bananas. *Id.* at 2. Plaintiff filed a complaint with the U.S. Department of Agriculture, and on February 19, 2016 the Office of the Secretary of Agriculture entered a Decision and Order in favor of Plaintiff and ordered Defendant to pay $267,982.18, with interest at the rate of .51% per annum from February 19, 2016 until paid, plus the amount of $500.00. *Id.* at 2–3. Plaintiff alleges that, to date, Defendant has made no payments for the amounts owed. Plaintiff's Complaint seeks enforcement of the PACA award and attorneys' fees.

      Pursuant to Fed.R.Civ.P. 4(m), a defendant must be served within 90 days of the filing of the complaint. Accordingly, the time for service in this action expires on July 21, 2016.

      Plaintiff alleges it has repeatedly attempted to obtain a waiver of service from Defendant's counsel, Jason E. Turner, but has received no response from Mr. Turner. (Doc. 7 at 1). Plaintiff also attempted to serve Defendant at the last known address of its statutory agent, Jose Eduardo Francis Alarcon, at 1540 Gold Run Road, Chula Vista, CA 91913, but learned that Mr. Alarcon is not associated with that address. *Id.* Plaintiff then learned that Mr. Alarcon resides and/or accepts mail at 1631 Rossin Ct., Chula Vista, CA 91913–1713, but has been unsuccessful in its repeated attempts to serve Mr. Alarcon at this address. *Id.* at 2. Plaintiff notes that "the process server indicated that one or more person was present at the residence at the time of the attempted services, but may have been evading service on one or more occasions." *Id.*

      Plaintiff requests an order allowing alternative service because it "has been unable to personally serve Defendant Golden Fruit at either of its statutory agent's last known

addresses, and is unlikely to succeed in doing so in the future." *Id.*

**II.     Alternative Service**

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of the summons and complaint must be satisfied. *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987), *superseded by statute on other grounds by S.E.C. v. Ross,* 504 F.3d 1130, 1138 (9th Cir. 2007). Because service of process is the means by which a trial court obtains jurisdiction over a person, "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Technology Corp.,* 960 F.2d 849, 851 (9th Cir. 1992). Rule 4, Fed.R.Civ.P., governs the service of process in federal courts. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986). Unless extended by the district court, the plaintiff must serve the defendant with a copy of the summons and complaint within 90 days of filing the complaint. Fed.R.Civ.P. 4(m).

Federal Rule of Civil Procedure 4(h) addresses service of process on a legal entity, such as a corporation, partnership, or limited liability company, within or outside a judicial district of the United States. It provides that unless otherwise provided by federal law or a defendant's waiver of service under Rule 4(d) has been filed, a person or legal entity may be served:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

Rule 4(h)(1)(A)–(B).

Under Arizona law, when personal service has become impracticable, Rule 4.1(k),

Ariz.R.Civ.P., authorizes service by alternative means as follows:

> **Alternative or Substituted Service**. If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, the summons and the pleading to be served, as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served. . . .

Arizona law does not expressly define the standard for impracticability, but in 2010, the Arizona Court of Appeals approvingly cited the language from a New York case on a similar service issue: "the standard of impracticability [i]s 'different from the more stringent one of "due diligence". . . That is, to meet the standard on impracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken[.]'" *Blair v. Burgener*, 226 Ariz. 213, 218 (Ct. App. 2010) (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 632 N.Y.S.2d 186, 186 (App. Div. 1995)). Applying this standard of impracticability, the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service. Adopting the same standard, the *Blair* court found that Blair's efforts at service without success met the definition of impracticability justifying alternative service. Blair's process server attempted service at both defendants' place of business and the individual defendant's residence on five different days at various times. In addition to these physical attempts, the process server attempted to ascertain over an additional seven days whether the individual defendant was present in the office so that service could be made. Each time he was told this defendant was not in the office. These facts and circumstances, the Arizona court concluded, "demonstrate that service of process through the usual means would have been 'extremely difficult or

inconvenient,'" and thus justified the trial court's authorization of alternative service under Arizona law. 226 Ariz. at 219.

Finally, California Corporation Code § 1702 states, in relevant part:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand . . . the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State . . . one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

### III. Waiver of Service

Federal Rule of Civil Procedure 4(d)(2) requires a defendant to pay reasonable attorney's fees if a defendant refuses to sign and return a waiver of service requested by plaintiff without good cause and the plaintiff files a motion to collect any service-related expenses. *See* Fed.R.Civ.P. 4(d)(2); *Rollin v. Cook,* 466 Fed.Appx. 665 (9th Cir. 2012). "Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff. *Rollin,* 466 Fed.Appx. at 667 (citing Fed.R.Civ.P. 4(d)(1)). "Absent a showing of good cause, a defendant who fails to execute a valid waiver 'must' pay the costs of formal service and any costs, including reasonable attorney's fees, of any motion 'required' to collect service expenses." *Id.* (citing Fed.R.Civ.P. 4(d)(2)).

### IV. Discussion

After commencing this suit, Plaintiff made numerous unsuccessful attempts to personally serve the Defendant at both its counsel's address and its statutory agent's address. Plaintiff has demonstrated that continued efforts to serve Defendant by traditional means are impracticable within the meaning of Rule 4.1(k), Ariz.R.Civ.P. After consideration of the Motion, the evidence presented, and in view of Defendant's apparent efforts to evade service of process and the futility of further attempts to

personally serve the Defendant, which continues to escalate the attorney's fees and costs of this action, the Court finds service of process on Defendant by traditional means is impracticable. *See BMO Harris Bank, N.A. v. D.R.C. Investments, L.L.C.,* 2013 WL 4804482 (D. Ariz. Sept. 9, 2013). Accordingly, the Court will grant the Plaintiff's request for alternative service.

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** granting Plaintiff's Motion for Alternative Service (Doc. 7) as follows:

Plaintiff Sociedad is permitted to serve the Summons and a copy of the Complaint upon Defendant Golden Fruit Company, LLC by: (1) hand delivery to the California Secretary of State; (2) by first-class U.S. mail, and by certified mail, return receipt requested, to Jose Eduardo Francis Alarcon at 1631 Rossin Ct., Chula Vista, CA 91913–1713; (3) by first-class U.S. mail, and by certified mail, return receipt requested, to Raul Nava at P.O. Box 531921, San Diego, CA 92153; and (4) by first-class U.S. mail and by certified mail, return receipt requested, to Jason E. Turner of the J. Turner Law Group, APC, 823 Anchorage Pl., Chula Vista, CA 91914.

Upon Plaintiff filing affidavits of service with this Court verifying the same, service upon Defendant will be deemed complete.

**IT IS FURTHER ORDERED** awarding Plaintiff its costs, including its reasonable attorneys' fees, incurred in bringing this motion and in attempting and effectuating service, pursuant to Fed. R. Civ. P. 4(d)(2)(A), (B).

Dated this 29th day of June, 2016.

Eric J. Markovich
United States Magistrate Judge